CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PCL (SHIPPING) PTE LTD.

                Plaintiff,

    v.

GRM RESOURCES PTE LTD. and APEX ENERGY
RESOURCES LIMITED
                Defendants.
------------------------------------------------------------X

**VERIFIED COMPLAINT**

Plaintiff PCL (SHIPPING) PTE LTD. (hereinafter "PCL") by its attorneys, as and for its Verified Complaint against the Defendants GRM RESOURCES PTE LTD. and APEX ENERGY RESOURCES LIMITED (hereinafter "GRM" and "APEX" respectively), alleges upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, Plaintiff PCL (SHIPPING) PTE LTD., was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country with and office and principal place of business in Singapore.

3. The plaintiff PCL is engaged in business as owners and/or disponent owner of ocean-going vessels that transport cargo in exchange for payments of hire or freight.

4. At all times material hereto, Defendant GRM was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country or countries with offices at 138 Cecil St #06-02A Cecil Ct, Singapore, 069538.

5. The Defendant GRM is a charterer of ocean-going vessels.

6. At all times material hereto, Defendant APEX was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country or countries with offices at 3 B, Lal Bazar Street, Sir Rnm House 4th Floor, Kolkata - 700 001, India.

7. The Defendant APEX was, at all times material, the guarantor of a charter party between PCL and GRM and/or otherwise involved in maritime related matters.

## FIRST CAUSE OF ACTION
## FOR BREACH OF MARITIME CONTRACT

8. On November 16, 2007, PCL, as owner and/or disponent owner of the M/V DELVINA, entered into a voyage charter party with GRM as charterer and APEX as guarantor, for the transportation of coking coal.

9. These contract between PCL and GRM and APEX is a maritime contract in the form of a voyage charter agreement made out on an Americanized Welsh Coal Charter with referenced and appended rider clauses (hereinafter collectively referred to as the "maritime contract").

10. Pursuant to the terms and conditions of the maritime contract, the parties agreed to among other things, the calculation of laytime and demurrage, and that all disputes arising under the maritime contract would be subject to English law and heard before arbitrators in London.

11. In accordance with the maritime contract, GRM's cargo of coal was transported on the PCL-owned MV DELVINA from Australia to India.

12.     During the course of the voyage, delays during the loading and unloading of the cargo exceeded allowed laytime and as a result, demurrage was incurred.

13.     Defendants have made partial payment of the outstanding demurrage owed to PCL, however the balance in the amount of US$231,979.42 remains due and owing to PCL.

14.     Failure to pay demurrage is a breach of the maritime contract by Defendants.

15.     Although the demurrage due and owing has been duly demanded, Defendants have failed to pay PCL the remaining balance of demurrage now due and owing.

16.     This unjustified failure to pay demurrage by Defendants constitutes a wrongful breach of the maritime contract and has resulted in damages to PCL in the amount of US $231,979.42 plus awardable interest, legal fees, and costs.

17.     As previously indicated above, the maritime contract provide that any disputes arising under the maritime contract are subject to resolution under English Law and determination by a London arbitration panel, none of which is deemed waived. Pursuant to the maritime contract, plaintiff PCL will commence arbitration proceedings in London.

18.     Furthermore, the award of legal fees and costs is allowed under English law and is routinely awarded in maritime arbitrations such as in the subject dispute. The estimated awardable interest, fees and costs for the litigation of PCL's claim against GRM and APEX is approximately US $200,000.00.

## PRAYER FOR RELIEF

19.     Notwithstanding the fact that the liability of GRM and APEX is subject to a determination by a foreign arbitration panel, there are now, or will be during the pendency of this action, certain assets, accounts, freights, hire payments, monies, charter hire, credits, effects, CHIPS credits, electronic fund transfers, payments for bunkers, goods or services, bills of lading,

cargo, debts and the like belonging to or claimed by the Defendants within this District and held by various parties, as garnishees.

20. Plaintiff believes that some of these assets, in bank accounts and/or as funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including ABN AMRO Bank, American Express Bank, Ltd., Bank of America, Bank of China, Bank of New York, BNP Paribas, Citibank NA, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Standard Chartered Bank, UBS AG, Wachovia Bank, CHIPS, and possibly other banks or financial institutions located in New York.

21. As set forth in the accompanying declaration of Timothy Semenoro, the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

22. Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendants and because the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendants and/or *quasi in rem* jurisdiction over the property of the Defendants so that an eventual judgment and/or award can be satisfied.

23. In addition to an attachment in the full amount of the claim as set forth above, Plaintiff also seeks an attachment of an additional sum to cover awardable attorneys' fees, interest and costs which are recoverable pursuant to foreign law.

24. Plaintiff's aggregate claim against the Defendants amounts to US $431,979.42 which is comprised of the underlying claim of US $231,979.42 for damages plus estimated awardable interest, costs, and fees.

WHEREFORE, Plaintiff prays as follows:

A. That the Defendants be summoned to appear and answer this Verified Complaint;

B. That the Defendants not being found within this District, as set forth in the Declaration of Timothy Semenoro, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendants within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C. That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or a foreign court, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, i.e. US $431,979.42, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiffs claim, plus costs to be paid out of the proceeds thereof; and

D. That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
       May 19, 2008

                                CHALOS, O'CONNOR & DUFFY, LLP
                                Attorneys for Plaintiff

By: _____
     Eugene J. O'Connor (EO-9925)
     Timothy Semenoro (TS-6847)
     366 Main Street
     Port Washington, New York 11050
     Tel: (516) 767-3600 / Fax: (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PCL (SHIPPING) PTE LTD.,

                Plaintiff,

                                      08 CV _____

    v.

                                      **VERIFICATION OF**
GRM RESOURCES PTE LTD. and APEX ENERGY    **COMPLAINT**
RESOURCES LIMITED

                Defendants.
------------------------------------------------------------------X

        Pursuant to 28 U.S.C. § 1746, TIMOTHY SEMENORO, Esq., declares under the penalty of perjury:

        1.    I am associated with the law firm of Chalos, O'Connor & Duffy, attorneys for the Plaintiff PCL (SHIPPING) PTE LTD. herein;

        2.    I have read the foregoing complaint and knows the contents thereof; and

        3.    I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its underwriters and attorneys. The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
May 19, 2008

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff

By: _____
Timothy Semenoro (TS-6847)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605